IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTINE C. THRASH                                                                    PLAINTIFF

VS.                             NO. 4:09-cv-04093-HFB

FEDERATED MUTUAL INSURANCE COMPANY,
Corporation A *Minnesota corporation* and
FEDERATED LIFE INSURANCE COMPANY,
Corporation A *Minnesota corporation*                                      DEFENDANTS

### AMENDED ANSWER OF SEPARATE DEFENDANT FEDERATED LIFE INSURANCE COMPANY

Comes Federated Life Insurance Company, separate Defendant herein, by its attorneys, Barber, McCaskill, Jones & Hale, P.A., and for its Amended Answer to Plaintiff's Original Complaint ("Complaint"), states as follows:

1.  This Defendant admits that Plaintiff claims to bring this action against both Federated Mutual Insurance Company and Federated Life Insurance Company, but otherwise denies the remaining allegations of paragraph 1 of the Complaint.

### I. PARTIES AND JURISDICTIONAL FACTS

2.  This Defendant does not have information sufficient to admit or deny the allegations of paragraph 2 of the Complaint. Those allegations are therefore denied.

3.  The allegations of paragraph 3 of the Complaint are not directed to this Defendant. To the extent they are, they are denied.

4.  This Defendant admits it is a Minnesota corporation and further admits the description of the manner in which it may be served contained in paragraph 4 of the Complaint. The remaining allegations of paragraph 4 are denied.

5.     This Defendant admits it has done business in the State of Arkansas including issuing life insurance policies. This Defendant otherwise denies the remaining allegations of paragraph 5 of the Complaint directed to this Defendant.

## II. JURY DEMAND

6.     This Defendant demands a trial by jury of all causes stated herein.

## III. JURISDICTION AND VENUE

7.     This Defendant does not have information sufficient to allow it to admit or deny the allegations of paragraph 7 of the Complaint. Those allegations are, therefore, denied.

8.     This Defendant admits it does business in the State of Arkansas. This Defendant otherwise denies the remaining allegations of paragraph 8 of the Complaint.

9.     This Defendant does not hav e information sufficient to admit or deny t hose allegations of paragraph 9 of the Complaint directed to this Defendant. Those allegations are, therefore, denied.

## IV. CAUSES OF ACTION

**BREACH OF CONTRACT**

10.    This Defendant does not have information sufficient to allow it to admit or deny the allegations of paragraph 10 of the Complaint relating to Plaintiff's alleged entitlement to recover under Policy No. 227353. Those allegations are, therefore, denied.

11.    This Defendant admits that it insured Rodney W. Thrash under its Policy No. 227353, effective March 12, 2007 and further admits that Rodney W. Thrash died on January 18, 2009, and that Plaintiff is the named beneficiary under its Policy No. 227353. This Defendant is otherwise without information sufficient to allow it to admit or deny the allegations of paragraph 11 of the Complaint. Those allegations are, therefore, denied.

12. This Defendant admits the allegations of paragraph 12 of the Complaint.

13. This Defendant denies the allegations of paragraph 13 of the Complaint.

## STATUTORY BAD FAITH FAILURE TO PAY CLAIM

14. This Defendant incorporates all preceding paragraphs of this Answer.

15. This Defendant admits that the Arkansas Insurance Commissioner has issued Rule and Regulation 43 entitled "Unfair Claim Settlement Practices," which regulation and provisions speak for themselves. This Defendant denies all allegations of paragraph 15 of the Complaint in conflict with those provisions.

16. This Defendant states that Section 8 of Rule and Regulation 43 speaks for itself and, to the extent the allegations of paragraph 16 of the Complaint conflict with such provisions, they are denied.

17. This Defendant states that Section 8 of Rule and Regulation 43 speaks for itself and, to the extent the allegations of paragraph 17 of the Complaint conflict with such provisions, they are denied.

18. This Defendant denies the allegations of paragraph 18 of the Complaint.

19. Defendant admits that at the time this action was filed by Plaintiff, this Defendant had yet to complete its investigation into the death of Rodney W. Thrash and to make payment of any policy proceeds; however, this Defendant has since paid the Plaintiff all policy proceeds with interest dating back to Rodney W. Thrash's date of death. This Defendant affirmatively states that the length of its investigation is entirely appropriate and reasonable based upon the circumstances surrounding the death of Rodney W. Thrash, including the findings within the Death Certificate and autopsy, as well as the existence of an ongoing police investigation. This Defendant did not even receive the autopsy report until after this action was filed. Specifically, Defendant was diligently

3

investigating, among other matters, whether the unfortunate death of Rodney W. Thrash was the result of suicide. Page 6 of the policy at issue states: "If the insured, while sane or insane, dies by suicide within two years from the police date, the death benefit under this policy will be an amount equal to the premiums paid." A certified copy of this policy is attached hereto as Exhibit "A." Upon receiving the autopsy report, Defendant determined that its investigation could be concluded. Accordingly, this Defendant promptly paid the Plaintiff the policy proceeds with interest. This Defendant otherwise denies the remaining allegations of paragraph 19 of the Complaint.

## STATUTORY BAD FAITH FAILURE TO DISCLOSE POLICY TERMS

20. This Defendant states that the provisions of Section 9 of Rule and Regulation 43 speak for themselves and, to the extent the allegations of paragraph 20 of the Complaint are in conflict with those provisions, they are denied. This Defendant specifically denies it has in any way violated Section 9 of Rule and Regulation 43, as alleged in paragraph 20 of the Complaint.

21. This Defendant states that the provisions of Rule and Regulation 43 speak for themselves and, to the extent that the allegations of paragraph 21 of the Complaint are in conflict with those provisions, they are denied.

22. This Defendant denies the allegations of paragraph 22 of the Complaint.

23. This Defendant denies the allegations of paragraph 23 of the Complaint.

## VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT

24. This Defendant incorporates all preceding paragraphs herein by reference.

25. This Defendant admits the allegations of paragraph 25 of the Complaint.

26. This Defendant states that the provisions of Ark. Code Ann. § 23-66-206(13) speak for themselves and, to the extent the allegations of paragraph 26 of the Complaint are in conflict with those provisions, they are denied.

27.     This Defendant denies the allegations of paragraph 27 of the Complaint.

28.     This Defendant states that the provisions of Ark. Code Ann. § 23-66-204 speak for themselves and, to the extent the allegations of paragraph 28 of the Complaint are in conflict with those provisions, they are denied.

29.     This Defendant states that the provisions of Ark. Code Ann. § 4-88-108 speak for themselves and, to the extent the allegations of paragraph 29 of the Complaint conflicts with those provisions, they are denied.

30.     This Defendant states that the allegations of Ark. Code Ann. § 4-88-113 speak for themselves and, to the extent the allegations of paragraph 30 of the Complaint conflict with those provisions, they are denied.

31.     This Defendant denies the allegations of paragraph 31 of the Complaint.

## V.  PRAYER FOR RELIEF

32.     This Defendant denies Plaintiff is entitled to any of the relief in the subparagraphs listed by Plaintiff under the prayer for relief.

33.     This Defendant specifically denies each and every material allegation of the Complaint not expressly admitted herein.

34.     Pleading further, pursuant to Rule 9, Federal Rules of Civil Procedure, this Defendant hereby specifically asserts Plaintiff's lack of capacity or standing to maintain this action. Although Plaintiff is the listed beneficiary under Defendant's Policy No. 227353, Plaintiff is not the actual owner or representative of the owner of the policy. That individual, upon information and belief, is Rodney A. Thrash, father of this Defendant's insured Rodney W. Thrash. Rodney A. Thrash, upon information and belief, is the duly appointed administrator of the estate of Rodney W. Thrash

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Mr. Marshall Wood
Ms. Cyndia Hammond
Norton & Wood
315 Main Street
P. O. Box 1808
Texarkana, TX 75504-1808
marshall@nortonlaw.com

        /s/ G. Spence Fricke  AR Bar Number 79068
        /s/ Arthur W. Bell, Jr.  AR Bar Number 08232
        Attorneys for Defendants Federated Mutual Insurance
        Company and Federated Life Insurance Company
        Barber, McCaskill, Jones & Hale, P.A.
        2700 Regions Center
        400 West Capitol Avenue
        Little Rock, AR 72201-3414
        Telephone: (501) 372-6175 / Fax: (501) 375-2802
        E-mail: gsfricke@barberlawfirm.com
        E-mail: abell@barberlawfirm.com